UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SANDRA ANYATA,

        Plaintiff,       COMPLAINT

   -v-


UNITED STATES OF AMERICA,

        Defendant,
-------------------------------------------------------------------X

   SANDRA ANYATA, though her attorneys, MEAGHER & MEAGHER, P.C., as and for

their Complaint, allege the following, upon information and belief:

## INTRODUCTION

1.   This is an action against the Defendant UNITED STATES OF AMERICA under

the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*), 28 U.S.C. § 1346(b)(1) and 28 U.S.C.

1367(a), for negligence and medical malpractice in connection with the medical care provided to

the Plaintiff, SANDRA ANYATA, by JOEL BUMOL, who was an employee and/or acting on

behalf of the UNITED STATES OF AMERICA, AND MONTEFIORE MEDICAL GROUP –

WILLIAMSBRIDGE a/k/a and WILLIAMSBRIDGE FAMILY PRACTICE (hereinafter

referred to as "MONTEFIORE WILLIAMSBRIDGE"), as an agent facility of the UNITED

STATES OF AMERICA.

2.   This is also an action brought against MONTEFIORE WILLIAMSBRIDGE, as

an agent of the UNITED STATES OF AMERICA, for negligence and medical malpractice in

connection with the medical care they provided to the Plaintiff.

3.   The claims herein against the Defendant, UNITED STATES OF AMERICA, are

brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, 28 U.S.C. §

1346(b)(1) and 28 U.S.C. 1367(a), for money damages as compensation for personal injuries caused by the Defendant's negligence and medical malpractice.

4.      Plaintiff, SANDRA ANYATA has fully complied with the provision of the Federal Tort Claims Act, with Service of an Administrative Claim on September 3, 2021. See Exhibit 1 - Standard Form 95 served by the Plaintiff.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1346(b) and 1367(a).

6.      Venue is proper pursuant to 28 U.S.C. 1391(e) in that this is an action against the United States of America and agents thereof are located in the County of the Bronx, New York State and the acts and omissions alleged occurred within the Southern District of New York and Plaintiff resides in Bronx, New York.

## THE PARTIES

7.      SANDRA ANYATA is an adult over the age of eighteen (18) and resides at 2362 Webster Avenue, Bronx, New York 10458.

8.      At all times hereinafter mentioned, MONTEFIORE WILLIAMSBRIDGE, was a duly constituted department and entity of the UNITED STATES OF AMERICA.

9.      At all times hereinafter mentioned, Defendant, UNITED STATES OF AMERICA, owned, operated, managed, funded and/or controlled certain programs and/or clinics MONTEFIORE WILLIAMSBRIDGE.

10.      At all times MONTEFIORE WILLIAMSBRIDGE had a principal place of business located at 3011 Boston Road, Bronx, New York 10469.

11.      At all times hereinafter mentioned, MONTEFIORE WILLIAMSBRIDGE,

owned, operated, and controlled medical the facility located at 3011 Boston Road, Bronx, New York 10469.

12.     At all times hereinafter mentioned, MONTEFIORE WILLIAMSBRIDGE, was part of the Bronx Community Health Network, a not-for-profit corporation receiving federal funds under 42 U.S.C. § 254(b).

13.     At all times hereinafter mentioned, JOEL BUMOL, M.D. (hereinafter referred to as "BUMOL") was a federal employee licensed to practice medicine and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the State of New York.

14.     At all times hereinafter mentioned, BUMOL was an employee of the UNITED STATES OF AMERICA.

15.     At all times hereinafter mentioned, BUMOL was acting within the scope of his employment as an employee of the Defendant, UNITED STATES OF AMERICA.

16.     At all times hereinafter mentioned, BUMOL was an independent contractor under the supervision, direction, and/or control of the UNITED STATES OF AMERICA.

17.     At all times hereinafter mentioned, BUMOL was an employee as defined by the Public Health Services under 42 U.S.C. § 233(g).

18.     At all times hereinafter mentioned, BUMOL was an employee of the MONTEFIORE WILLIAMSBRIDGE.

19.     At all times hereinafter mentioned, BUMOL was acting within the scope of his employment as an employee of the MONTEFIORE WILLIAMSBRIDGE.

20.     At all times hereinafter mentioned, BUMOL was an independent contractor under the supervision, direction, and/or control of MONTEFIORE WILLIAMSBRIDGE.

21.        At all times hereinafter mentioned, BUMOL, MONTEFIORE

WILLIAMSBRIDGE and the Defendant, UNITED STATES OF AMERICA, stood in such a

relationship with each other in the care, treatment, and/or services rendered to the Plaintiff, so as

to make the UNITED STATES OF AMERICA liable for the acts and omissions of BUMOL.

22.        During the year 2017, and more specifically in October of 2017, Plaintiff,

SANDRA ANYATA, was a patient of the Defendant, UNITED STATES OF AMERICA.

23.        During the year 2017, and more specifically in October of 2017, Plaintiff,

SANDRA ANYATA, was a patient of MONTEFIORE WILLIAMSBRIDGE.

24.        During the year 2017, and more specifically in October of 2017, Plaintiff,

SANDRA ANYATA, was a patient of BUMOL.

25.        During the year 2017, and more specifically in October of 2017, the Defendant,

UNITED STATES OF AMERICA, provided medical care and treatment to Plaintiff, SANDRA

ANYATA.

26.        During the year 2017, and more specifically in October of 2017, MONTEFIORE

WILLIAMSBRIDGE, provided medical care and treatment to Plaintiff, SANDRA ANYATA.

27.        During the year 2017, and more specifically in October of 2017, BUMOL

provided medical care and treatment to Plaintiff, SANDRA ANYATA.

**FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE**

28.        On September 3, 2021, Plaintiff presented her claims to the appropriate Federal

Agency for administrative settlement under the FTCA pursuant to 28 U.S.C. § 2671, et, seq.  (See

Exhibit 1).

29.      As of the filing of this Complaint, no denial has been issued on this claim and more than six months have elapsed since the presentment of the claims.

30.      Pursuant to 28 U.S.C. 2401(b) the within Summons and Complaint is timely.

## AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURIES

31.      Plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" inclusive with the same force and effect as if more fully set forth herein.

32.      Defendant, its agents, servants and/or employees undertook to treat and provide medical care to the Plaintiff relative to her medical issues, including but not limited to her essential hypertension, pre-diabetes, thrombocytopenia, paroxysmal atrial fibrillation and her mitral valve preplacement at 3011 Boston Road, Bronx, New York.

33.      Defendant, its agents, servants and/or employees, including but not limited to those aforementioned, were negligent and/or careless in their treatment of the Plaintiff in October of 2017, by negligently and carelessly: failing to obtain a full and proper medical history of Plaintiff; failing to treat and care for the Plaintiff in accordance with standards of care generally accepted within the community; failing to appreciate the increased risks to Plaintiff for failing to properly and timely monitor her INR (international normalized ratio), levels; failing to appreciate the pre-surgical risks to Plaintiff by failing to properly and timely monitor her INR levels; failing to make sure that Plaintiff understood the importance of the October 6, 2017 pre-op visit to check INR, PT (partial thromboplastin time), and PTT (prothrombin time) values; failing to communicate the significance of follow-up blood work before surgery; failing to understand the importance of running blood work prior to surgery; failing to adequately clear patient for her proposed surgery;

failing to order repeat laboratory studies; failing to take an appropriate history from the patient;

failing to take an appropriate medication history from the patient; failing to perform an

appropriate physical exam and repeat same at appropriate intervals; failing to perform an

appropriate review of systems; failing to perform an adequate evaluation of the patient following

the results of laboratory studies; failing to understand the significance of the laboratory values

received and take appropriate measures; failing to order necessary repeat laboratory

studies; failing to appreciate the significance of Plaintiff's medical history including rheumatic

heart disease, pre-diabetes mellitus, hypertension, paroxysmal atrial fibrillation, hyperlipidemia

and thrombocytopenia; failing to appreciate changes to Plaintiff's INR, PTT and PT; failing to

appreciate Plaintiff's INR, PTT, and PT testing results prior to recommending changes to anti-

coagulant dosages; failing to appreciate potential consequences of interrupting or discontinuing

Warfarin/Coumadin;  failing to appreciate the potential consequences of the fact that Plaintiff

missed several doses of anti-coagulants in the weeks prior to her surgery; failing to recommend an

appropriate dosage of anticoagulant bridging medications; failing to establish a timeline

concerning the interruption of anticoagulants in Plaintiff; failing to appreciate the risks to Plaintiff

from interruption of medications; failing to appreciate the risks to Plaintiff if dosages of

anticoagulant medication were missed; failing to assess thromboembolic risk in Plaintiff when

deciding whether to interrupt anticoagulant medication; failing to properly assess the bleeding

risk to Plaintiff when deciding whether to interrupt anticoagulation medication; failing to assess

the thromboembolic risk to Plaintiff when attempting to "bridge" anticoagulant

medications; failing to assess the bleeding risk to Plaintiff when attempting to "bridge"

anticoagulant medications; failing to properly inform Plaintiff of risks associated with changes to

her daily medical regimen including medications, including but not limited to  the increased risk

of stroke and bleeding; failing to fully inform the Plaintiff of the signs and symptoms of stroke;

failing to fully inform Plaintiff about increased surgical risk relating to sub-therapeutic INR

levels; failing to inform Plaintiff's surgeons and other Physicians managing her care of the

changes to Plaintiffs daily medication intake; failing to properly bridge Plaintiff's anticoagulation

medication; failing to appreciate that the discontinuation of anticoagulant therapy put this patient

at an increased risk of surgical complication including but not limited to intra operative and/or

post-operative stroke; failing to inform and/or communicate with other treating providers that

Plaintiff should not undergo surgery until her PT, INR, and PTT values returned to baseline;

failing to recommend against surgery considering Plaintiff's condition; failing to explain the risks,

benefits, and alternatives to the planned surgery and the timing for such surgery, and in

abandoning the Plaintiff.

34.     As a result of the medical care and treatment, or lack thereof, rendered to the

Plaintiff, SANDRA ANYATA, by the Defendant, its agents, servants, and/or employees,

including but not limited to those identified herein, BUMOL, Nurse Brenda Ojeda, Nurse

Annisha Green-Davis, their departures from accepted standards of medical, surgical, nursing,

hospital and other good practices, the Plaintiff, SANDRA ANYATA, sustained severe, serious,

and permanent personal injuries.

35.     The injuries and damages sustained by the Plaintiff were caused by the negligence

and/or carelessness of the Defendant, its agents, servants, and/or employees, including but not

limited to those identified herein, BUMOL, Nurse Brenda Ojeda, Nurse Annisha Green-Davis,

without any negligence on the part of the Plaintiff contributing thereto.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35 inclusive with the same force and effect as if more fully set forth herein.

37.     Defendant, its agents, servant, and/or employees as identified herein, performed some, and failed to perform some, medical treatments, procedures, surgeries, and diagnostic procedures upon Plaintiff without obtaining the informed consent of the Plaintiff.

38.     Defendant, its agents, servant, and/or employees as identified herein, failed to advise the Plaintiff of the risks, dangers, and consequences associated with the performance of, and/or the nonperformance of, the aforesaid medical treatments, procedures, surgeries and/or diagnostic procedures.

39.     A reasonably prudent person in the Plaintiff's position would not have permitted, allowed, or undergone the medical treatments, procedures, surgeries, and/or diagnostic procedures that the Defendant, its agents, servants, and/or employees performed on Plaintiff, and would have chosen a different course of treatment if they had been fully informed of the risks, dangers, and consequences associated therewith.

40.     As a result of the aforesaid medical treatments, procedures, surgeries, and/or diagnostic procedures being withheld and/or performed upon Plaintiff, without her informed consent, Plaintiff was damaged and caused to sustain severe, serious, and permanent personal injuries.

41.     Such a lack of informed consent is a proximate cause of the Plaintiff's injuries, for which relief is sought herein.

42.        Plaintiff sustained severe, serious, and permanent personal injuries as a result of Defendant's failure to obtain informed consent.

43.        The injuries and damages sustained by the Plaintiff were caused by the negligence of the Defendant, its agents, servants, and/or employees without any negligence on the part of the Plaintiff contributing thereto.

44.        By reason of the foregoing, FIRST and SECOND CAUSES OF ACTION, Plaintiff have been damaged in the amount of two million five hundred thousand dollars ($2,500,000.00).

## STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 16.

1.        This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules Section 1602.

**WHEREFORE**, Plaintiff demands judgment against the defendant on all causes of action for:

a)        Damages in the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00) in the FIRST and SECOND CAUSES OF ACTION;

b)        Costs, disbursements, and attorney fees; and

c)        Such other and further relief as this court deems just and proper.

Dated: White Plains, New York
          March 23, 2022

By: Keith J. Clarke, Esq.
MEAGHER & MEAGHER, P.C.
*Attorneys for Plaintiffs*
111 Church Street
White Plains, New York 10601
Office: (914) 328-8844
Fax:    (914) 328-8570
Lawoffice@meagherandmeagherpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANDRA ANYATA

                                        Plaintiff,                    **CERTIFICATE**
                                                                      **OF MEDICAL**
                      -v-                                             **MALPRACTICE**

UNITED STATES OF AMERICA,

                                        Defendant,
-------------------------------------------------------------------X

      KEITH J. CLARKE, ESQ., an attorney duly admitted to practice in the Courts of the

State of New York and the United States District Court for the Southern District of New York

hereby affirms under the penalties of perjury:

      I have reviewed the facts of this case and have consulted with at least one physician who

is licensed to practice in this state, or any other state, and I reasonably believe that said physician

is knowledgeable as to the relevant issues involved in this particular action and I have concluded

on the basis of such review and consultation that there is a reasonable basis for the

commencement of this action.

Dated: White Plains, New York
      March 23, 2022

                                      KEITH J. CLARKE, ESQ.

Case No.:
_____

UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SANDRA ANYATA


                          Plaintiffs,

            -v-


UNITED STATES OF AMERICA,

                 Defendants.


_____

### COMPLAINT
_____


**MEAGHER & MEAGHER, P.C.**
*Attorney for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

_____

Pursuant to FRCP Rule 11, the undersigned, an attorney admitted to practice in the courts of
New York State, certifies that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed documents are not frivolous.

Dated: March 23, 2022          Signature _____

                               Print Signature's Name KEITH J. CLARKE, ESQ.


_____

Service of a copy of the within                    is hereby admitted.
Dated:_____

                          _____
                          Attorney(s) for
_____